UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK A. JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-0099-TWP-MJD |
| ) | |
| WENDY KNIGHT, Superintendent, Correctional ) | |
| Industrial Facility, WILLIAM HYATTE, Assistant ) | |
| Superintendent/Operations, Correctional Industrial ) | |
| Facility, TIM PURCELL, Assistant Superintendent/ ) | |
| Programs, Correctional Industrial Facility, ) | |
| STEVEN HALL, Religious Services Director, ) | |
| Indiana Dept. of Correction; ALAN MCRANE, ) | |
| Chaplain, DAVID SMITH, Chaplain, ) | |
| DENNIS MILLER, Captain, Correctional Industrial ) | |
| Facility, KENT FOX, Captain, WAYNE MAYES, ) | |
| Sergeant, Correctional Industrial Facility, ) | |
| Individually and in their Official Capacities, ) | |
| ) | |
| Defendants. ) | |

**ENTRY REGARDING CLAIMS, DENYING MOTION FOR PRELIMINARY INJUNCTION, AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Mark A. Jenkins ("Mr. Jenkins") alleges the defendants Wendy Knight, William Hyatte, Tim Purcell, Steven Hall, Alan McCraine, David Smith, Dennis Miller, Kent Fox, and Wayne Mayes, individually and in their official capacities, infringed upon his right to practice his Native American religion in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq*. Mr. Jenkins seeks money damages and injunctive relief.

Because Mr. Jenkins is proceeding *in forma pauperis*, the Complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a

claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).

## I. DISCUSSION

### A. First Amendment Claim

The claim for damages is necessarily brought pursuant to 42 U.S.C. § 1983 against the Defendants in their personal capacities. Damages against the Defendants in their official capacities are barred by the State of Indiana's sovereign immunity and RLUIPA does not create a cause of action against state employees in their personal capacity. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *Nelson v. Miller*, 570 F.3d 868, 886–89 (7th Cir. 2009).

In order to be held liable for a violation of ʹ 1983 in an individual capacity, that person must be "personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (internal quotation omitted); *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (*citing Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

Because there are no allegations in the Complaint upon which the Court could conclude

that Wayne Mayes, Kent Fox, Tim Purcell, and Steven Hall are responsible for violating Mr. Jenkins' First Amendment rights, the claims against these individuals are **dismissed**. The only allegation against Mr. Mayes is that he may have inaccurately reported a conversation he overheard between Mr. Jenkins and Mr. Miller. The only allegations against Kent Fox and Tim Purcell is that they appointed another offender as spokesperson for the Native American Circle after the Superintendent had removed Mr. Jenkins from that position. The only allegation against Mr. Hall is that Mr. Jenkins previously filed a complaint against him in state court which was dismissed with prejudice.

The claim for damages against Wendy Knight, William Hyatte, Alan McCraine, David Smith, and Dennis Miller in their individual capacities **shall proceed as submitted**.

**B.     RLUIPA Claim**

The claim for injunctive relief is considered under RLUIPA which confers greater religious rights on prisoners than the free exercise clause has been interpreted to do. *See* 42 U.S.C. § 2000cc–1; *Cutter v. Wilkinson*, 544 U.S. 709, 714–17 (2005); *Grayson,* 666 F.3d at 451. Mr. Jenkins seeks an order (1) directing the defendants to stop retaliating against him, (2) reinstating him as the spokesman for the Native American Circle, and (3) prohibiting his transfer from the Correctional Industrial Facility. Given the allegations in the Complaint, Superintendent Wendy Knight, in her official capacity, appears to be a sufficient defendant for the purpose of pursuing injunctive relief. All other claims for injunctive relief against the other Defendants in their official capacities are **dismissed as duplicative.**

## II.   FURTHER PROCEEDINGS

The Clerk is designated, pursuant to Fed. R. Civ. P. 4(c)(3), to issue and serve process on Defendants Wendy Knight, William Hyatte, Alan McCraine, David Smith and Dennis Miller in

the manner specified by Fed. R. Civ. P. 4(d)(1). Process shall consist of the Complaint, applicable forms, and this Entry.

### III. CONCLUSION

Mr. Jenkins' Motion for Preliminary Injunction (Dkt. 4) is **DENIED without prejudice as premature** because the Court has not acquired *in personam* jurisdiction over any of the Defendants.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**SO ORDERED.**

Date: 04/11/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mark A. Jenkins, #963737
Pendleton - CIF
Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, Indiana  46064

Wendy Knight, Superintendent
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, Indiana  46064

William Hyatte, Assistant Superintendent
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, Indiana  46064

Alan McCraine, Chaplain
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, Indiana  46064

David Smith, Chaplain
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, Indiana  46064

Dennis Miller, Captain
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, Indiana  46064